**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Norman Harvey,** | ) | **CASE NO. 4:15 CV 2521** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Mark V. Capozza,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon a Motion for Writ of Habeas Corpus filed under 28 U.S.C. § 2241. For the following reasons, the motion is DENIED and this matter is DISMISSED.

**Facts**

Petitioner Norman Harvey filed this § 2241 Petition against respondent Mark Capozza, Superintendent of the State Correctional Institution (SCI) at Pittsburgh, Pennsylvania. Petitioner asserts the following. He was arrested on August 25, 2015 and originally placed in the Beaver County Jail in Pennsylvania. He was later moved to SCI. Petitioner was held pending

1

extradition proceedings for return to Ohio to answer criminal charges filed by the Boardman, Ohio police.  Petitioner was charged by the Boardman police with burglary and theft. On September 10, 2015, a search warrant was issued by Pennsylvania, and executed by the Boardman police, to obtain a DNA sample of petitioner. The warrant cited an earlier burglary offense in violation of Pennsylvania law.

Petitioner asserts that he is not under any sentence by Pennsylvania and has been available to Ohio since his August 2015 arrest.  Petitioner asserts that his Fourth, Sixth, and Fourteenth Amendment rights have been violated, and that his arrest and detention are illegal. He contends that the State of Ohio/Boardman Police Department have not shown reasonable diligence in prosecuting him and his right to a speedy trial has been violated. On this basis, petitioner requests that the writ of habeas corpus be issued dismissing the charges against him with prejudice.[1]

**Discussion**

Petitioner is a state prisoner. "Section 2241 generally authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States." *Hunter v. Mulvaney*, 2013 WL 4499036 (W.D. Mich. Aug. 20, 2013) (citing 28 U.S.C. § 2241(c)(3) and *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir.2006)). Section 2241 affords a remedy under limited circumstances to state pre-trial detainees.  *Hadley v. Werner,* 753 F.2d 514 (6th Cir. 1985).  However, "although § 2241, unlike § 2254, does not expressly mandate exhaustion of state remedies, the federal courts have

---

[1] The Court notes that although an Order has been issued directing respondent to answer the Petition, no such answer has been filed.

universally held that § 2241 petitioners must still exhaust their state-court remedies before bringing their federal claims." *Harmon v. Long*, 2015 WL 1275285 (M.D. Tenn. Mar. 18, 2015) (citing *Phillips v. Court of Common Pleas*, 668 F.3d 804 (6th Cir.2012)).  Courts "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner... Intrusion into state proceedings already underway is warranted only in extraordinary circumstances."  *Rhone v. Napoleon*, 2014 WL 117420, at *1-2 (E.D. Mich. Jan. 13, 2014) (citations omitted). "The exhaustion doctrine requires state prisoners to invoke one complete round of the State's established appellate review process before presenting their claims to a federal court in a habeas corpus petition." *Id.*

"In the context of pretrial petitions bringing a speedy-trial claim under § 2241, the exhaustion requirement  is satisfied when the petitioner has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." *Harmon, supra* (citations omitted).  Petitioner has not done so and, thus, he presents clearly unexhausted claims that would interfere with an ongoing state criminal proceeding. Therefore, the Petition is dismissed for failure to exhaust state court remedies.

**Conclusion**

For the foregoing reasons, the Motion for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 is denied.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                           /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
                                           United States District Judge

Dated: 5/4/16